IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KYLE MOON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 04-907-DRH** |
| ) | |
| **SOUTHEASTERN ILLINOIS COLLEGE** ) | |
| **and PAM TURNER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this case, Plaintiff states that he applied to Southeastern Illinois College as a transfer student. He authorized Pam Turner, the education counselor at that institution, to request his transcripts from another institution so that he could enroll. For reasons unclear from the complaint, Plaintiff was denied admission. Therefore, he claims that by denying him admission, Turner and Southeastern Illinois College prevented him from earning additional good conduct credit.

The Court is unaware of any constitutional right requiring that Plaintiff be admitted as a transfer student to Southeastern Illinois College, or to any college at all. Further, any challenge he may have regarding denial of good conduct credit can only be brought under habeas corpus, not in a civil rights action, but only after he exhausts all his state remedies. 735 ILCS 5/14-101 *et seq*. *See generally Wilkinson v. Dotson*, – U.S. —, 125 S.Ct. 1242, 1246-48 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  May 24, 2005**

/s/     David RHerndon
**DISTRICT JUDGE**